

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**FELONY**

INDICTMENT FOR FALSE STATEMENTS TO
SMALL BUSINESS ADMINISTRATION, THEFT
GOVERNMENT FUNDS AND MONEY LAUNDERING

**23-00059**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL DOCKET NO. |
| v. | * | SECTION: **SECT. A MAG. 4** |
| DENT HUNTER | * | VIOLATIONS: 18 U.S.C. § 1001 |
| | | 18 U.S.C. § 641 |
| | * | 18 U.S.C. § 1957 |

\* \* \*

The Grand Jury charges that:

## COUNT 1
(False Statements)

A.  **AT ALL TIMES MATERIAL HEREIN**:

<u>The Defendant, Relevant Entity, And Relevant Account</u>

1. The defendant, **DENT HUNTER** ("**HUNTER**"), was a resident of Orleans Parish, Louisiana, within the Eastern District of Louisiana.

2. Nexlevel Construction and Consultants, LLC ("NexLevel Construction") was a Louisiana limited liability company formed in or around October 14, 2011. NexLevel Construction purportedly operated as a construction business. **HUNTER** was the registered agent and sole beneficial owner of NexLevel Construction.

___Fee_USA_
___Process_____
_X_Dktd_____
___CtRmDep_____
___Doc.No._____

3. Nexlevel NOLA Construction and Consultants, LLC ("NexLevel NOLA") was a Louisiana limited liability company formed in or around May 24, 2016. NexLevel NOLA purportedly operated as a construction and consulting business. **HUNTER** was the registered agent and sole beneficial owner of NexLevel NOLA.

4. NexLevel ONE Realty, LLC ("NexLevel ONE") was a Louisiana limited liability company formed in or around November 14, 2019. NexLevel ONE purportedly operated as a realty business. **HUNTER** was the registered agent and sole beneficial owner of NexLevel ONE.

5. Metairie Bank & Trust was an FDIC insured financial institution headquartered in Metairie, Louisiana. **HUNTER** maintained multiple accounts at Metairie Bank & Trust, to include an account for himself, NexLevel Construction and Nexlevel ONE.

6. Prestamos Community Development Financial Institution was an online finance technology company based in Phoenix, Arizona.

The Small Business Administration

7. The United States Small Business Administration ("SBA") was an executive-branch agency of the United States government that provided support to entrepreneurs and small businesses. The mission of the SBA was to maintain and strengthen the nation's economy by enabling the establishment and viability of small businesses and by assisting in the economic recovery of communities after disasters.

8. As part of its efforts, the SBA provided business loans through banks, credit unions, and other lenders. Those loans had government backed guarantees.

The CARES Act and Paycheck Protection Program

9. The Coronavirus Aid, Relief, and Economic Security Act ("CARES Act") was a federal law enacted in or about March 2020. The CARES Act provided emergency financial

assistance to the millions of Americans suffering the economic effects of the COVID-19 pandemic. One source of relief provided by the CARES Act was the authorization of forgivable loans to small businesses for job retention and certain other expenses, through a program referred to as the Paycheck Protection Program ("PPP").

10. The PPP was overseen by the SBA, which had authority over all PPP loans. Individual PPP loans, however, were issued by approved private lenders, who received and processed PPP loan applications and supporting documentation and, following SBA approval, made loans using the lenders' own funds.

11. To obtain a PPP loan, a qualifying business had to submit a PPP loan application, called an SBA From 2483, signed by an authorized representative of the business. The PPP loan application required the business to acknowledge the program rules and to make affirmative certifications to be eligible for the PPP loan. For example, in the PPP loan application the business, through its authorized representative, had to state its average monthly payroll expenses and number of employees. In addition, businesses had to provide documentation showing their payroll expenses, as part of the PPP loan application process. These figures were used to calculate the amount of money the small business was eligible to receive under the PPP.

12. Businesses applying for PPP loans were required to provide documentation showing their payroll expenses and that they were in business as of February 15, 2020. Further, businesses applying for a PPP loan were required to make good faith certifications, including that economic uncertainties had necessitated their loan requests for continued business operations, and that they intended to use loan proceeds only for the authorized, and not any duplicative, purposes.

13. By signing PPP loan applications, applicants attested that the information provided in the application and in all supporting documents and forms wase true and correct, and that the applicant understood that knowingly making a false statement to obtain a PPP loan was a crime.

14. Among the type of businesses eligible for a PPP loan were individuals who operated under a "sole proprietorship" business structure. In order to be eligible to receive such a PPP loan, individuals had to report and document their income and expenses from the sole proprietorship, as typically reported to the Internal Revenue Service ("IRS") on Form 1040, Schedule C, for a given year, or other similar tax document. The lending institution or loan processor used this information and documents to calculate the amount of money the individual was entitled to receive under PPP.

15. Once a qualifying business completed a PPP application, a participating lender processed the application. If a PPP loan was approved, the participating lender funded the PPP loan using its own monies, which the SBA guaranteed. In the course of processing the PPP loan, the lender electronically transmitted data from the loan application to the SBA, including information about the borrower, the total amount of the loan, and the identified number of employees.

16. At all times material herein, Metairie Bank & Trust was a participating lender in the PPP.

17. Proceeds from a PPP loan were legally required to be used only for certain permissible business expenses, including payroll costs, mortgage interest, rent, and utilities under the applicable PPP rules and guidance. The interest and principal on the PPP loan was eligible for forgiveness, if the business spent the loan proceeds on permissible items within a designated period of time and used a certain portion of the loan toward payroll expenses.

18. A borrower could apply for a "second draw" PPP loan by certifying that the first PPP loan had been used in accordance with the lending guidelines.

**B.     THE OFFENSE:**

On or about April 6, 2020, in the Eastern District of Louisiana and elsewhere, the defendant, **DENT HUNTER**, did knowingly and willfully make a materially false, fictitious, and fraudulent statement and representation in a matter within the jurisdiction of the SBA, an agency withing the executive branch of the United States, in that the defendant stated in his SBA Form 2483 PPP Borrower Application to Metairie Bank & Trust that NexLevel Construction had thirteen employees for a total 2019 yearly payroll of $635,292.00; however in truth and in fact, the defendant knew that NexLevel Construction had no more than four employees in 2019 and the 2019 yearly payroll amount was false; resulting in an SBA backed PPP loan in the amount of approximately $122,100.00 on or about April 21, 2020, in violation of Title 18, United States Code, Section 1001.

**COUNT 2**
(Theft of Government Funds)

**A.     AT ALL TIMES MATERIAL HEREIN:**

The allegations contained in Paragraph A of Count 1 are hereby re-alleged and incorporated as though fully set forth herein.

The Economic Injury Disaster Loan Program

1. The Economic Injury Disaster Loan ("EIDL") program was an SBA program that provided low-interest financing to small businesses, renters, and homeowners in regions affected by declared disasters. The CARES Act provided funding for EIDL loans for business affected by the COVID-19 pandemic. In contrast to the PPP, EIDL loan amounts were determined based on the recipient businesses' historical revenue and disbursed directly to the recipient by the SBA.

2.      EIDLs are designed to provide economic relief to businesses that are currently experiencing a temporary loss of revenue due to a disaster. EIDL provides loan assistance, including up to $10,000 advances, for eligible entities. The EIDL proceeds can be used to pay fixed debts, payroll, accounts payable and other bills that could have been paid had the disaster not occurred; however, such loan proceeds are not intended to replace lost sales or profits or for expansion of a business. Unlike certain other types of SBA-guaranteed loans, EIDL funds are issued directly from the United States Treasury and applicants apply through the SBA via an online portal and application.

3. The EIDL application process, which also uses certain outside contractors for system support, collects information concerning the business and the business owner, including information as to the gross revenues for the business prior to January 31, 2020; the cost of goods sold; and information as to any criminal history of the business owner. Applicants electronically certify that the information provided is accurate and are warned that any false statement or misrepresentation to SBA or any misapplication of loan proceeds may result in sanctions, including criminal penalties.

**B.    THE OFFENSE:**

On or about July 22, 2020, in the Eastern District of Louisiana and elsewhere, the defendant, **DENT HUNTER**, did willfully and knowingly embezzle, steal, purloin, and convert to his use and the use of another, money belonging to the United States namely, by obtaining a $149,900.00 EIDL from the SBA submitted under the name NexLevel ONE, to which he knew he was not entitled, in violation of Title 18, United States Code, Section 641.

## COUNT 3
(Money Laundering)

**A.** **AT ALL TIMES MATERIAL HEREIN:**

The allegations contained in Paragraph A of Count 1 are hereby re-alleged and incorporated as though fully set forth herein.

**B.** **THE OFFENSE:**

On or about September 5, 2020, in the Eastern District of Louisiana and elsewhere, defendant, **DENT HUNTER**, knowingly engaged in, and willfully caused, monetary transactions affecting interstate commerce in criminally derived property of a value greater than $10,000 that were, in fact, derived from specified unlawful activity, that is, theft of government funds, in violation of Title 18, United States Code, Section 641, in that he transferred approximately $16,272.92 from NexLevel ONE Metairie Bank & Trust account ending 30116, which he controlled, to a Toyota car dealership in New Orleans to purchase a 2020 Hyundai Elantra for **HUNTER's** family member, in violation of Title 18, United States Code, Sections 1957.

## COUNT 4
(Money Laundering)

**A.** **AT ALL TIMES MATERIAL HEREIN:**

The allegations contained in Paragraph A of Count 1 are hereby re-alleged and incorporated as though fully set forth herein.

**B.** **THE OFFENSE:**

On or about May 14, 2021, in the Eastern District of Louisiana and elsewhere, defendant, **DENT HUNTER**, knowingly engaged in, and willfully caused, monetary transactions affecting interstate commerce in criminally derived property of a value greater than $10,000 that were, in fact, derived from specified unlawful activity, that is, theft of government funds, in violation of

Title 18, United States Code, Section 641, in that he transferred approximately $23,000.00 from NexLevel ONE Metairie Bank & Trust account ending 30116, which he controlled, to a Kia car dealership in Atlanta to purchase a 2021 Kia Forte for **HUNTER's** family member, in violation of Title 18, United States Code, Sections 1957.

## **NOTICE OF FORFEITURE**

1. The allegations of Counts 1 through 4 of this Indictment are incorporated by reference as though set forth fully herein for the purpose of alleging forfeiture to the United States.

2. As a result of the offense alleged in Count 1, the defendant, **DENT HUNTER**, shall forfeit to the United States pursuant to Title 18, United States Code, Section 982(a)(3), any property, real or personal, which represents or is traceable to the gross receipts obtained, directly or indirectly, as a result of such offense.

3. As a result of the offense alleged in Count 2, the defendant, **DENT HUNTER**, shall forfeit to the United States pursuant to Title 18, United States Code, Section 981(a)(1) and Title 28, United States Code, Section 2461, any property, real or personal, which constitutes or is derived from, proceeds traceable to said offense.

4. As a result of the offenses alleged in Counts 3 and 4, the defendant, **DENT HUNTER**, shall forfeit to the United States pursuant to Title 18, United States Code, Section 982(a)(1), any property, real or personal, involved in such offenses, and any property traceable to such property, including but not limited to any of the following:

    2020 Hyundai Elantra VIN 5NPD84LF2LH540815;

    2021 Kia Forte VIN 3KPF24AD9ME345005.

5. If any of the above-described property, as a result of any act or omission of the defendant:

8

      a.      cannot be located upon the exercise of due diligence;

      b.      has been transferred or sold to, or deposited with, a third person;

      c.      has been placed beyond the jurisdiction of the Court;

      d.      has been substantially diminished in value; or

      e.      has been commingled with other property which cannot be subdivided without difficulty;

the United States shall seek a money judgment and, pursuant to Title 21, United States Code, Section 853(p), forfeiture of any other property of the defendant up to the value of said property.



DUANE A. EVANS
UNITED STATES ATTORNEY

EDWARD J. RIVERA
Assistant United States Attorney

New Orleans, Louisiana
March 31, 2023

FORM OBD-34

No._____

# UNITED STATES DISTRICT COURT

Eastern _____ District of _____ Louisiana

Criminal _____ Division

## THE UNITED STATES OF AMERICA

vs.

**DENT HUNTER**

# INDICTMENT

INDICTMENT FOR FALSE STATEMENTS
TO SMALL BUSINESS ADMINSTRATION, THEFT OF
GOVERNMENT FUNDS AND MONEY LAUNDERING

**VIOLATIONS:**

Title 18, U.S.C., Section 1001
Title 18, U.S.C., Section 641
Title 18, U.S.C., Section 1957

_____

Filed in open court this _____ day of _____ A.D. 2023.

_____ Clerk

Bail, $ _____

_____
**EDWARD J. RIVERA**
Assistant United States Attorney